AYO OMOTOSHO, ESQ. SBN 279524
JOY JOHNSON, ESQ. SBN 251639
JOHNSON|OMOTOSHO, LLP
8616 LA TIJERA BLVD SUITE 502
LOS ANGELES, CA 90045
TEL: (424) 218-9745
FAX: (323) 967-7073

*Attorneys for Plaintiff*
Ryan Davis

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DAVIS, an individual, | ) Case No. |
| Plaintiff, | ) |
| | ) COMPLAINT FOR: |
| v. | ) |
| | ) 1. 42 U.S.C. § 1983 – Unconstitutional Detention |
| CITY OF FONTANA; FONTANA POLICE DEPARTMENT; OFFICER BAGLEY; OFFICER SHERWOOD; OFFICER GOSSERT; OFFICER RYN; and DOES 1–50, inclusive, | ) 2. 42 U.S.C. § 1983 – Excessive Force |
| | ) 3. 42 U.S.C. § 1983 – Retaliation |
| | ) 4. 42 U.S.C. § 1983 – Violation of Due Process |
| Defendants. | ) 5. Violation of Cal. Civ. Code § 52.1 (Bane Act) |
| | ) 6. Battery |
| | ) 7. False Arrest and Imprisonment |
| | ) 8. Negligence |
| | ) 9. Negligent Employment and Supervision |
| | ) 10. Intentional Infliction of Emotional Distress |
| | ) |
| | ) DEMAND FOR JURY TRIAL |
| | ) |

**INTRODUCTION**

1. This case arises out of the Fontana Police Departments' use of excessive force against Plaintiff Ryan Davis, an unarmed African American man riding an electric scooter near a DUI checkpoint on Citrus Avenue in Fontana, California on February 8, 2025.

2. Without lawful justification, Officers Jonathan Bagley and Matthew Sherwood pursued Mr. Davis, attempted to ram him off his scooter with a police motorcycle, violently tackled him to the ground, and then repeatedly struck him with closed fists and kicks even after he was down and being restrained. Officer Sherwood struck Mr. Davis in the face with a closed fist and kicked him in the face. Officer Bagley delivered approximately five closed-fist strikes to Mr. Davis's torso while Mr. Davis was already on the ground and not posing a threat.

3. As a direct result of Defendants' conduct, Mr. Davis suffered, among other injuries, a broken fifth metacarpal in his left hand, abrasions to his left hand, a cut above his right eye, a swollen right eye, emotional injuries, including flashbacks, and nightmares. He required surgery on two fingers with pins and a cast. He also suffered sustained nerve damage and numbness in his wrist due to the Defendants' abusive handcuffing of him, and severe emotional distress from the incident.

4. To conceal their misconduct, the involved officers knowingly authored and submitted false and misleading reports, with the understanding that those reports would be relied upon by the District Attorney in considering felony charges against Mr. Davis.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The Court has personal jurisdiction over the Defendants because they are residents of and/or conduct business in the Central District of California.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events

and omissions giving rise to these claims occurred within the Central District of California, including in San Bernardino County, and all Defendants reside in this District or are subject to personal jurisdiction here.

**PARTIES**

7.  Plaintiff Ryan Davis ("Plaintiff" or "Mr. Davis") is, and at all relevant times was, a resident of the State of California. He was riding an electric scooter in Fontana, California, on February 8, 2025, when he was violently seized and beaten by officers of the Fontana Police Department.

8.  Defendant City of Fontana ("City") is a municipality organized and existing under the laws of the State of California. At all relevant times, the Fontana Police Department ("FPD") was a department, agency, or instrumentality of the City. The individual officer Defendants were employees, agents, and representatives of the City and FPD and were acting within the course and scope of their employment when they committed the acts alleged herein.

9.  Defendant Fontana Police Department is, and at all relevant times was, a law enforcement agency of the City of Fontana. The FPD is a public entity within the meaning of California Government Code §§ 810 et seq.

10. Defendant Officer Jonathan Bagley ("Bagley") was at all relevant times a sworn law enforcement officer employed by FPD. He acted under color of state law in committing the acts complained of herein. He is sued in his individual and official capacities.

11. Defendant Officer Matthew Sherwood ("Sherwood") was at all relevant times a sworn law enforcement officer employed by FPD. He acted under color of state law in committing the acts complained of herein. He is sued in his individual and official capacities.

12. Defendant Officer Gossert ("Gossert") was at all relevant times a sworn law enforcement officer employed by FPD who participated in, directed, or failed to intervene in the unlawful seizure, beating, and arrest of Mr. Davis and/or in the

subsequent fabrication or ratification of false reports. He is sued in his individual and official capacities.

13. Defendant Officer Ryn ("Ryn") was at all relevant times a sworn law enforcement officer employed by FPD who participated in, directed, or failed to intervene in the unlawful seizure, beating, and arrest of Mr. Davis and/or in the subsequent fabrication or ratification of false reports. She is sued in her individual and official capacities.

14. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants DOES 1–25 were employees or officials of Defendant CITY, a municipality of the State of California, and were LAPD officers. Plaintiff is ignorant of the true identities and capacities of Defendants DOES 1–25 and for that reason sues those defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities of these fictitiously named Defendants when they are ascertained.

15. Defendants DOES 25-50 are persons responsible for the acts alleged herein whose identities are unknown to Plaintiff at this time, and for that reason Plaintiff sues these defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities of these fictitiously named Defendants when they are ascertained.

16. Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor, and/or assignee of each other Defendant. Each Defendant, in doing the acts or omissions as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each defendant as

COMPLAINT FOR DAMAGES

4

agent subsequently were ratified and adopted by each other defendant as principal. The defendant officers, including those involved in the obstruction of justice, were engaged in a conspiracy to violate Plaintiff's constitutional rights and were acting as co-conspirators with this aim in mind.

17. All Defendants, at all times relevant to the allegations herein, acted under the color of state law and are sued in both their individual and official capacities.

18. In committing the acts alleged in this complaint, the individual Defendants acted knowingly, maliciously and with reckless or callous disregard for Plaintiff's constitutional and other justifying an award of punitive damages under federal and California law against each individual Defendant.

## **STATEMENT OF FACTS**

19. On or about February 8, 2025, Plaintiff Ryan Davis was riding an electric scooter near a DUI checkpoint on Citrus Avenue in Fontana, California.

20. Officers Jonathan Bagley and Matthew Sherwood of the Fontana Police Department began to pursue Mr. Davis. Officer Bagley activated his emergency lights and attempted to stop Mr. Davis, who continued to ride his scooter.

21. During the pursuit, Officer Bagley used his police motorcycle in a dangerous manner to try to ram Mr. Davis off of his electric scooter. This maneuver created an unreasonable risk of serious injury or death and was not justified by any threat posed by Mr. Davis.

22. Officer Sherwood then tackled Mr. Davis to the ground, causing him to fall and sustain injuries. During the arrest, Officer Sherwood struck Mr. Davis in the face with a closed fist and kicked him in the face. These blows caused a cut above Plaintiff's right eye, swelling to his right eye, and other facial trauma.

23. While Mr. Davis was on the ground and being restrained, Officer Bagley delivered approximately five closed-fist strikes to Mr. Davis's torso, purportedly to gain compliance. In fact, Mr. Davis was already down, outnumbered, unarmed, and not posing an immediate threat to the officers or others.

24. Mr. Davis was unarmed at all times during this encounter. He posed no threat of serious physical harm to the officers or to any member of the public that would justify the level of force used against him.

25. Mr. Davis was handcuffed and transported to Arrowhead Regional Medical Center. There, he was diagnosed with a broken fifth metacarpal in his left hand, abrasions on his left hand, a cut above his right eye, and a swollen right eye. He required surgery on two fingers, including placement of pins and a cast.

26. As a result of the incident, Mr. Davis has suffered and continues to suffer physical pain, limitations in the use of his left hand, emotional distress, PTSD, flashbacks, nightmares, and loss of earnings and earning capacity as a boxing coach.

27. The force used by Officers Sherwood and Bagley including tackling Mr. Davis to the ground, striking him in the face with a closed fist, kicking him in the face, and delivering multiple closed-fist strikes to his torso was objectively unreasonable under the circumstances, violated clearly established law, and was excessive under the Fourth Amendment.

28. After the incident, the officers involved prepared, approved, or submitted reports that contained false and misleading statements about the encounter, including omitting or downplaying their use of force, and falsely characterizing Mr. Davis's conduct to justify the force used against him. The officers did so knowing and intending that their reports would be used by the District Attorney's Office in deciding whether to pursue criminal charges against Mr. Davis.

29. The fabrication and suppression of material facts in these reports violated Mr. Davis's rights to due process and to be free from the use of knowingly false evidence against him in criminal proceedings.

30. Mr. Davis filed a claim with the City of Fontana on August 1, 2025. His claim was denied on September 8, 2025.

//

//

## MONELL ALLEGATIONS

31. Based on the principles set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978), the City and Fontana Police Department are liable for the constitutional violations suffered by Plaintiff. The injuries alleged herein were proximately caused by customs, policies, and practices of the City and FPD, including, but not limited to, the following:

    a.  A pattern, practice, and/or custom of using excessive force during stops, pursuits, and arrests, including against unarmed individuals who pose no immediate threat;

    b.  A policy, practice, or custom of permitting officers to use head strikes, kicks, and multiple closed-fist blows as a means of punishment or retaliation rather than as a last resort to neutralize an immediate threat;

    c.  A policy, practice, or custom of tolerating, encouraging, or failing to discipline officers who use unreasonable or excessive force;

    d.  A policy, practice, or custom of failing to adequately train and supervise officers in the lawful use of force, including appropriate force options in encounters with unarmed individuals and proportionality in the use of force;

    e.  A policy, practice, or custom of failing to adequately train and supervise officers regarding truthful report writing and the constitutional prohibition on fabricating or omitting material facts in incident and arrest reports;

    f.  A policy, practice, or custom of ratifying officers' unconstitutional uses of force and dishonest reporting by failing to conduct thorough, unbiased investigations, and by exonerating officers or imposing only nominal discipline despite clear evidence of misconduct; and

    g.  A policy, practice, or custom of prioritizing aggressive enforcement and "compliance at all costs" over constitutional policing and

de-escalation.

  h. A policy, practice, or custom of officers discriminating against African Americans.

32. The City and FPD knew or reasonably should have known that such policies, customs, and practices created a foreseeable risk that officers, including Defendants Bagley, Sherwood, Gossert, Ryn, and DOES 1–50, would unconstitutionally seize, beat, and falsely accuse individuals such as Mr. Davis.

33. The above-described policies, practices, or customs were the moving force behind the constitutional violations and injuries suffered by Plaintiff.

## PUNITIVE DAMAGES ALLEGATIONS

34. The conduct of Defendants Sherwood and Bagley in tackling, punching, and kicking Mr. Davis and delivering multiple closed-fist strikes to his face and torso while he was on the ground and being restrained, was malicious, oppressive, and in reckless and callous disregard of Plaintiff's clearly established constitutional rights.

35. Sherwood's decision to strike Mr. Davis in the face with a closed fist and to kick him in the face targeting Mr. Davis's head and face, where the risk of serious and permanent injury is substantial was not a good-faith effort to gain compliance, but a punitive and retaliatory use of force. Sherwood knew or should have known that such blows carried a high likelihood of causing fractures, eye injuries, and other serious harm, and he applied them anyway to an unarmed man who was already on the ground.

36. Bagley's decision to deliver approximately five closed-fist strikes to Mr. Davis's torso while Mr. Davis was already down, unarmed, and being restrained was likewise punitive and retaliatory rather than necessary or proportional force. Bagley knew or should have known that repeated closed-fist strikes to the torso of a prone, restrained person created a substantial risk of broken bones and internal injury, and he proceeded regardless.

37. The repeated closed-fist strikes, facial punches, and kicks employed by

Sherwood and Bagley demonstrate a conscious decision to inflict pain and injury on Mr. Davis, to punish him for perceived non-compliance, and/or to retaliate against him, rather than a measured use of force reasonably calculated to achieve a legitimate law enforcement objective.

38. In light of this conduct, Plaintiff seeks punitive and exemplary damages against Defendants Sherwood and Bagley in their individual capacities pursuant to 42 U.S.C. § 1983 and applicable California law, in an amount sufficient to punish and deter such misconduct in the future.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**

**(UNCONSTITUTIONAL DETENTION)**

**(Against All Defendants)**

39. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

40. Defendants, acting under color of state law, violated Plaintiff's rights under the Fourth and Fourteenth Amendments by detaining, seizing, and arresting him without probable cause, reasonable suspicion, or any lawful basis, and by continuing to detain him after any arguable justification had dissipated.

41. Defendants had no reasonable basis to believe that Mr. Davis posed an immediate threat of serious physical harm to the officers or others, or that he was engaged in serious criminal conduct justifying the forceful stop, pursuit, and arrest that occurred.

42. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, pain, emotional distress, fear, anxiety, loss of liberty, and other damages in an amount to be proven at trial.

43. The above-described acts of the individual officer Defendants were willlful,

wanton, malicious, and in reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages against the individual Defendants, including Sherwood and Bagley, in their individual capacities.

## SECOND CLAIM FOR RELIEF

## 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

### (Excessive Force)

### (Against All Defendants)

44. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

45. In using a police motorcycle to attempt to ram Mr. Davis off his scooter, tackling him to the ground, striking him in the face with a closed fist, kicking him in the face, and delivering multiple closed-fist strikes to his torso while he was on the ground and being restrained, Defendants particularly Sherwood and Bagley used force that was objectively unreasonable and excessive under the circumstances, in violation of the Fourth and Fourteenth Amendments.

46. Plaintiff was unarmed, outnumbered, and not posing an immediate threat of serious physical harm when the above-described force was used. Less intrusive means of control were available, and no reasonable officer would have believed that the level of force used was necessary or lawful.

47. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe physical injuries, including a broken fifth metacarpal, facial injuries, pain and suffering, emotional distress, and loss of income.

48. The conduct of Sherwood and Bagley in repeatedly striking Mr. Davis with closed-fist blows and kicks was intentional, malicious, and carried out with reckless and callous disregard for Plaintiff's rights, thereby justifying an award of punitive damages against them in their individual capacities.

## THIRD CLAIM FOR RELIEF

## 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FIRST AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION (RETALIATION)

**(Against all Defendants)**

49. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

50. To the extent Plaintiff verbally protested Defendants' actions, questioned their conduct or otherwise attempted to assert his rights or challenge the officers' behavior, Defendants retaliated against him by escalating their use of force and by pursuing and recommending criminal charges against him based on false and fabricated accounts of the incident.

51. Plaintiff's verbal protests and attempts to assert his rights constituted protected speech under the First Amendment. Defendants' conduct would chill a person of ordinary firmness from continuing to engage in such protected activity.

52. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered the injuries and damages alleged herein and is entitled to compensatory and punitive damages.

## FOURTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION (VIOLATION OF DUE PROCESS)

**(Against All Defendants)**

53. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

54. Defendants' conduct in knowingly fabricating facts, omitting exculpatory information, and submitting false or misleading reports regarding the incident, with the understanding that such reports would be used by prosecutors in making

charging decisions, violated Plaintiff's right to due process under the Fourteenth Amendment.

55. Defendants' deliberate fabrication of evidence and attempt to portray Mr. Davis as the aggressor or as justifying their use of force shocks the conscience and was undertaken to cover up their unconstitutional conduct.

56. As a direct and proximate result of Defendants' due process violations, Plaintiff suffered the injuries and damages alleged herein.

**FIFTH CLAIM FOR RELIEF**

**(BANE ACT, CAL. CIVIL CODE §52.1)**

**(Against All Defendants)**

57. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

58. Defendants interfered, and attempted to interfere, by threats, intimidation, and coercion including but not limited to the use of excessive physical force and the threat of criminal charges based on fabricated facts with Plaintiff's exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, including his rights under the Fourth and Fourteenth Amendments and Article I of the California Constitution.

59. Defendants' violence, threats, and coercive conduct were intentional and independent from the underlying constitutional violations and were employed to punish, intimidate, and deter Plaintiff from asserting his rights.

60. As a direct and proximate result of Defendants' violations of the Bane Act, Plaintiff suffered damages as alleged herein and is entitled to statutory damages, compensatory damages, punitive damages against the individual Defendants, and reasonable attorney's fees and costs.

//

//

//

## SIXTH CLAIM FOR RELIEF

### (BATTERY)

**(Against All Defendants)**

61. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

62. Defendants, including Sherwood and Bagley, intentionally and unlawfully touched Plaintiff in a harmful and offensive manner by ramming or attempting to ram him with a police motorcycle, tackling him to the ground, and striking him with closed-fist blows and kicks, without Plaintiff's consent and without legal justification.

63. As a direct and proximate result of this offensive and harmful contact, Plaintiff suffered the injuries and damages alleged herein.

64. Defendants' conduct was malicious and done with conscious disregard for Plaintiff's rights and safety, warranting an award of punitive damages against the individual Defendants, including Sherwood and Bagley.

## SEVENTH CLAIM FOR RELIEF

### (FALSE ARREST AND IMPRISONMENT)

**(Against All Defendants)**

65. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

66. Defendants intentionally confined Plaintiff to an area and restrained his freedom of movement by detaining, handcuffing, and arresting him without a warrant, without probable cause, and without any lawful justification.

67. Plaintiff was aware of and did not consent to this confinement. Defendants' conduct was not otherwise privileged.

68. As a direct and proximate result, Plaintiff suffered damages as alleged herein, including loss of liberty, emotional distress, and physical injury.

//

## EIGHTH CLAIM FOR RELIEF

### (NEGLIGENCE)

### (Against All Defendants)

69. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

70. Defendants owed Plaintiff a duty of care to use reasonable care in the investigation, seizure, use of force, and arrest of Plaintiff, and in the preparation of reports regarding the incident.

71. Defendants breached this duty of care by, among other things, initiating and conducting an unreasonable pursuit, attempting to ram Plaintiff off his scooter with a motorcycle, tackling him to the ground, using unnecessary and excessive physical force, and preparing false or misleading reports concerning the encounter.

72. As a direct and proximate result of Defendants' negligence, Plaintiff suffered the injuries and damages alleged herein.

## NINTH CLAIM FOR RELIEF

### (NEGLIGENT EMPLOYMENT AND SUPERVISION)

### (Against Defendant City of Fontana and Fontana Police Department)

73. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

74. Defendants City of Fontana and Fontana Police Department owed Plaintiff a duty to employ, retain, train, and supervise law enforcement officers in a manner that would protect members of the public, including Mr. Davis, from the foreseeable risk of unconstitutional seizures, excessive force, and dishonest reporting.

75. City and FPD breached that duty by hiring, retaining, and failing to adequately train or supervise officers such as Sherwood, Bagley, Gossert, Ryn, and DOES 1–50 in the lawful use of force, proportionality in encounters with unarmed individuals, de-escalation, truthfulness in report writing, and respect for constitutional rights.

76. City and FPD knew or in the exercise of reasonable care should have known that these officers had the propensity to engage in the type of conduct alleged herein yet failed to take reasonable steps to prevent such misconduct.

77. As a direct and proximate result of these failures, Plaintiff suffered the constitutional and other injuries alleged herein.

## TENTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against Defendant City of Fontana and Fontana Police Department)**

78. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

79. Defendants, including Officers Bagley and Sherwood, engaged in extreme and outrageous conduct by using a police motorcycle to attempt to ram Plaintiff off his scooter, tackling him to the ground, and repeatedly striking him with closed fists and kicks while he was on the ground and being restrained; such force was excessive and unreasonable under the circumstances.

80. Defendants acted with intent to cause, or with reckless disregard of the probability of causing, Plaintiff severe emotional distress, as evidenced by their malicious, willful, and reckless use of force and their knowing fabrication and submission of false and misleading reports to conceal their misconduct.

81. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including PTSD, flashbacks, nightmares, and ongoing severe emotional distress.

82. Defendants' extreme and outrageous conduct was a substantial factor in causing Plaintiff's severe emotional distress.

83. Additionally, the City of Fontana and the Fontana Police Department failed to adequately train, supervise, and discipline their officers, maintaining policies, customs, and practices that tolerated excessive force and dishonest reporting, thereby contributing to a pattern of misconduct that foreseeably resulted in the harm

suffered by Plaintiff.

84. As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiff has suffered damages, including severe emotional distress, past and future pain and suffering, and other damages in an amount to be proven at trial.

85. The above-described acts of the individual officer Defendants were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights, justifying an award of punitive damages against the individual Defendants in their individual capacities.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands that a trial by jury be conducted with respect to all issues presented herein.

## **PRAYER**

WHEREFORE, Plaintiff seeks relief as follows:

(a) for general damages, including emotional distress, according to proof;

(b) for compensatory damages, according to proof;

(c) for economic or pecuniary damages, according to proof;

(d) for punitive or exemplary damages, against the individual Defendants, including Sherwood and Bagley, in their individual capacities and against any non-government entity Defendants according to proof;

(e) The award of any and all other damages allowed by law according to proof to be determined at the time of trial in this matter;

(f) The award of costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988, and California Civil Code § 52.1;

(g) for prejudgment interest; and

(h) for such other and further relief as the Court deems just and proper.

//

//

//

Respectfully Submitted,
Johnson|Omotosho, LLP

Date: March 4, 2026                     By:   /s/Ayo Omotosho
                                              Ayo Omotosho
                                              Attorney for Plaintiff
                                              Ryan Davis

Docusign Envelope ID: 4EA7DFF4-BC3E-4D41-9CBE-2E2463B084F9

## VERIFICATION

I, Ryan Davis, am a Plaintiff in the above titled action.  I have read the foregoing Complaint and know its contents.

I am informed, and believe, and on that ground allege that the matters stated in the foregoing document are true to the best of my knowledge.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on this 4th day of March 2026, at Los Angeles, California.

DocuSigned by:

79F3C87D0FC64FC...

Ryan Davis
Plaintiff